## Forrestal's Estate.

*Wills—Election by widow—Right of widow to share in intestate property.*
1. An election to take under a will is in lieu of the part of the estate as to which there is a testacy, but not as to the part as to which there is an intestacy. The widow is excluded from the intestate portion only where the gift by will is "in lieu of dower" and the intestacy is "deliberate," as where testator did not dispose of a part of his estate.
2. Where, therefore, a partial intestacy is caused by the failure of gifts to charities by reason of testator's death within thirty days of the execution of the will, the widow, who elected to take under the will, is entitled to share in the intestate portion of the estate, although the will provides that the gift to her is in full payment of any claim she may have upon the estate, "whether under the intestate laws or otherwise."

*Executors and administrators—Erroneous payment of inheritance tax—Surcharge—Remedy for refund—Act of June 20, 1919.*
3. Where executors erroneously pay an inheritance tax at the rate of 10 per cent. instead of 2 per cent., they may be surcharged with the difference, but they may secure a refund thereof under section 40 of the Act of June 20, 1919, P. L. 521.

Exceptions to adjudication. O. C. Phila. Co., Oct. T., 1927, No. 3092.

WILHELM, P. J., Auditing Judge, 21st judicial district, specially presiding.— John W. Forrestal died Dec. 22, 1925, leaving a will duly probated Dec. 29, 1925. . . .

By his will he directed the conversion of his estate into cash and its investment by his executors, to be held for the following uses: To pay over the net income thereof to his nephew, Walter F. Forrestal, Sr., as trustee for testator's wife, Annie R. Forrestal, for life, as hereinafter recited, and after her death he gave $200 each to his nieces, Edna Egan, Agnes Forrestal and Margaret McNaughton; $500 to his grandniece, Irene Keating; $200 to Dorothy Kessler, and appointed Henry C. Kessler, her father, "testamentary guardian;" $4000 to his nephew, Walter F. Forrestal, Sr.; $1000 to John L. Keating; $5000 to his grandnephew, Walter F. Forrestal, Jr., and appointed Walter F. Forrestal, Sr., "guardian," with power to retain or pay principal and income until the minor shall reach the age of twenty-five years; gave

Forrestal's Estate.

$500 to his great-grandnephew, Robert Forrestal Keating, and appointed his mother, Mabel B. Greene, "guardian;" gave $500 to Edna Mellon, and the balance of his estate, one-third to the Little Sisters of the Poor and two-thirds to St. John's Orphan Asylum.

Testator's will was executed Dec. 18, 1925, within thirty days of his death, and his gifts of residue to charity are void.

Annie R. Forrestal, his widow, elected to take under the will, and died Feb. 22, 1926.

The testator dying intestate as to residue, the persons entitled to take under the intestate laws, other than the widow, are nine nephews and nieces, William Forrestal, James Forrestal, Margaret McNaughton, Agnes Forrestal, Edna Egan, Mary A. Keating, Michael Forrestal, Ella Manning and Walter F. Forrestal, Sr. Of these, Michael Forrestal and Ella Manning have since died.

Edna A. F. Wilcox, administratrix of the estate of Annie R. Forrestal, deceased widow of the testator, claimed her right to share in the intestate portion. The next of kin of the testator denied this right on the ground that the widow having elected to take under the will, her acceptances of the gift therein, in the words of the will, was "in full payment for any claim my wife may have upon my estate, whether under the intestate laws or otherwise."

The general rule is that an election to take under a will is in lieu of the part of the estate as to which there is a testacy, but not as to the part of the estate as to which there is an intestacy: Thompson's Estate, 229 Pa. 542; Carman's Appeal, 2 Penny. 332; Reed's Estate, 82 Pa. 428; Freeman's Estate, 227 Pa. 154; Arnold's Estate, 249 Pa. 348; Fowler's Estate, 281 Pa. 459; Rogers's Estate, 21 Dist. R. 1006; McNulty's Estate, 29 Dist. R. 709.

Jackson's Appeal, 126 Pa. 105, appears as an exception to this rule, and because of the similarity of the language of the will, the question now to be decided is whether Jackson's Appeal rules the present case.

In Jackson's Appeal the will provided as follows: "I give, devise and bequeath to my most faithful and affectionate wife, Mary Barry, in lieu of her dower if she shall so elect, the equal one-third part of all my estate, both real and personal, during her natural life."

He then gave some small legacies, but made no disposition of the residue of his estate as to which he died intestate. The widow died without having elected to take against the will, and it was presumed she took under it. *Held*, the widow was put to her election as to the whole estate, as well that which passed by the will, as the portion as to which her husband died intestate.

While the gift in the widow in the present will is practically identical, nevertheless, I am of opinion that Jackson's Appeal is to be distinguished. There, the intestacy was deliberate—the testator did not dispose of the intestate portion—and the obligation which he placed on her to elect was obviously for the benefit of his heirs.

Here, as the will was written, there was no intestacy; that resulted because the statute struck down the gifts to charity. There is an absence of intent as to the rights of the widow and heirs under the intestate laws. The language in the opinion of the Supreme Court in Reed's Estate, 82 Pa. 426 (*supra*), is peculiarly applicable (page 431):

"It was not the intent of the testator or of the law she should take her legacy in lieu of the estate thus lapsed. He thought of no lapse, and, therefore, made no provision in lieu of the legacy. The lapse was from the act of God and the law of the land, which do injury to no one. If, then, the testator, by reason of the lapse, died intestate of this portion, the intestate law must

Forrestal's Estate.

govern its distribution, and this being so, what warrant is there for saying that the widow takes nothing under the intestate law?"

The most that can be said in the present case is that the testator enjoined his wife from disturbing the provisions of his will. Her claim disappoints no one whom he named to take his estate.

This view is supported by the decisions to the effect that an heir may not be excluded by mere negative words. In Rorer's Will, 7 Phila. 524, a writing which made no disposition of the estate, but which declared, "I do not wish any of my brothers to have any of my estate," was held not to be a will. A direction that a person shall not participate in the distribution of an estate does not change his status as next of kin or deprive him of the right to share with the others as such: See Habecker's Estate, 43 Pa. Superior Ct. 86; Potter's Estate, 257 Pa. 468.

I find that the portion of the estate as to which there is an intestacy is distributable, $5000 to the personal representative of the widow (Rogers's Estate, 21 Dist. R. 1006; McNulty's Estate, 29 Dist. R. 709), together with one-half of the excess, and the remaining one-half to the next of kin.

The payment of inheritance tax of $2159.99 on $21,743.74 (on $179.70 appraised valuation of widow's life estate at 2 per cent. and on the balance at 10 per cent. on Oct. 6, 1926) was duly vouched. The accountant must be surcharged with the tax in excess of 2 per cent. paid on the widow's portion.

*Welsh & Brown* and *Lawrence C. Hickman*, for exceptions.

*C. B. Wagoner*, contra.

Opinion on exceptions by STEARNE, J., Feb. 3, 1928.—We are of opinion that the Auditing Judge was correct in his conclusions of law as to the *quantum* of the estate which he awarded the widow under the election which she filed to take under the will.

Because the accountants paid inheritance tax at the rate of 10 per cent., including 2 per cent. on the appraised value of the widow's life estate, the Auditing Judge surcharged them with the tax in excess of 2 per cent. paid on the widow's portion. This was entirely proper and not in error. Such result is not to be regretted on the ground of any possible injustice to exceptants. Where a tax is paid erroneously, a suitable remedy for refund is provided by section 40 of the Act of June 20, 1919, P. L. 521.

The exceptions are dismissed and the adjudication is confirmed absolutely.